IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRYON K. CREECH,               )
                               )
          Petitioner,          )
                               )
v.                             )     Case No. 19-CV-0164-JED-FHM
                               )
JIMMY MARTIN,[1]               )
                               )
          Respondent.          )

# OPINION AND ORDER

Petitioner Bryon K. Creech, a state inmate appearing *pro se*, commenced this action on February 25, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2) in the United States District Court for the Western District of Oklahoma. Because Petitioner seeks habeas relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2015-1592, the case was transferred to this Court on March 25, 2019. *See* Docs. 6, 7.

**A.    Motion to proceed *in forma pauperis* shall be denied.**

On preliminary review, the Court finds that the motion to proceed *in forma pauperis*

---

[1] Petitioner identified the State of Oklahoma as the respondent in this matter. Petitioner is currently incarcerated at the North Fork Correctional Center, in Sayre, Oklahoma. The Court therefore substitutes that facility's warden, Jimmy Martin, in place of the State of Oklahoma as the proper party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record. In addition, the Clerk shall update the record to reflect the correct spelling of Petitioner's name as Bryon K. Creech, as shown in the caption of the habeas petition. Doc. 1, at 1.

does not provide the information necessary for this Court to determine whether Petitioner may be authorized to proceed without prepayment. Specifically, Petitioner submitted a blank "statement of institutional accounts." Doc. 2, at 3-4. As a result, the Court denies the motion.

Within 30 days of the entry of this order, Petitioner shall either pay the $5 filing fee, *see* 28 U.S.C. § 1914(a), or submit an amended motion to proceed *in forma pauperis*, *see id.* § 1915(a)(1). Should Petitioner file a motion to proceed *in forma pauperis*, that motion shall be on the court-approved form and supported by a statement of institutional accounts, executed by an appropriate prison official, reflecting the current balance in Petitioner's inmate account(s). *See* LCvR 3.5.

**B.     Petitioner shall show cause why the habeas petition should not be dismissed.**

In addition, Petitioner shall show cause in writing why the petition should not be dismissed on procedural grounds. District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (Habeas Rule 4). However, before summarily dismissing a habeas petition on its own initiative, the district court must give the petitioner "fair notice and an opportunity to present [his] position[]." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Allen v. Zavaras*, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied *Day* by providing petitioner an opportunity to respond before *sua sponte* dismissing habeas petition on exhaustion grounds).

### 1. Petitioner's claims and allegations

The habeas petition is not a model of clarity. Petitioner alleges he was convicted in October 2016, after pleading guilty to six offenses in the District Court of Tulsa County, Case No. CF-2015-1592. Doc. 1, at 1. Liberally construing the petition, it appears that Petitioner seeks federal habeas relief on three grounds: (1) he was denied effective assistance of counsel, (2) he was denied his right to be present at court hearings, and (3) his pleas were not "knowing" because he was on "psychotropic meds." *Id.* at 5-8.

Petitioner alleges he filed an "appeal" in "Tulsa County" and that appeal was denied on January 22, 2019. *Id.* at 2. Petitioner alleges he did not file any other petitions, applications or motions in any state court to challenge his convictions or sentences. *Id.* at 3. However, Petitioner also alleges that he exhausted his habeas claims either (1) on direct appeal or (2) through an "out-of-time" postconviction motion that was filed in Tulsa County District Court and denied on either January 11, 2019, or January 22, 2019. *Id.* at 5-9. Petitioner did not respond to the question on the form requesting an explanation as to the timeliness of the petition, if the petition was filed over one year after the challenged judgment became final. *Id.* at 13.

To obtain a better understanding of the relevant state court proceedings, the Court took judicial notice of the public docket sheet in Tulsa County District Court Case No. CF-2015-1592, available online through the Oklahoma State Courts Network (OSCN). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting courts may take judicial notice of publicly-filed court records). Consistent with Petitioner's allegations, the state court's docket reflects that Petitioner was convicted and sentenced, pursuant to guilty

pleas, on October 28, 2016. *State v. Creech*, No. CF-2015-1592, Docket Sheet, available at http://www.oscn.net, last visited March 28, 2019. Also, seemingly consistent with Petitioner's allegations, the state court's docket reflects that Petitioner filed an application for postconviction relief, seeking an out of time appeal, on December 19, 2018, and that the state district court denied that application on January 22, 2019. *Id.*

### 2. The petition appears to be time-barred.

Petitioner's claims, all of which allege constitutional defects in the plea proceedings, appear to be time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a one-year limitation period for a state prisoner seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). Generally, that limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).[2] Regardless of when the one-year limitation period commences, that period may be statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, Petitioner was convicted and sentenced on October 28, 2016. Under Oklahoma law, Petitioner was required to move to withdraw his pleas within 10 days of sentencing if he intended to challenge his convictions by filing a certiorari appeal with the Oklahoma Court of Criminal Appeals. Rule 4.2(A), *Rules of the Oklahoma Court of*

---

[2] The one-year period may also commence on a later date as provided in § 2244(d)(1)(B), (C), (D). However, nothing in the petition suggests any of these alternative commencement dates would apply.

*Criminal Appeals*, Title 22, Ch. 18, App. (2019). Because he did not move to withdraw his pleas or file a certiorari appeal, his convictions became final on November 7, 2016. *See* 28 U.S.C. § 2244(d)(1)(A); *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007).

Petitioner's one-year limitation period for filing a timely federal habeas petition therefore ran from November 8, 2016, to November 8, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1)(A) to exclude day of event that triggers commencement of AEDPA's one-year limitation period). Petitioner filed the instant habeas petition on February 25, 2019, more than one year after his one-year limitation period expired. And his first application for state postconviction relief, filed December 19, 2018, did not toll the one-year period because Petitioner filed that application after the one-year deadline expired. *See* 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2014) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations"). Based on the foregoing, the Court finds the petition is subject to being dismissed as time-barred.

   3.   **Petitioner's claims appear to be unexhausted.**

It also appears from Petitioner's allegations that he failed to properly exhaust his federal claims. The AEDPA "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017), *cert. denied* 138 S. Ct. 978 (Feb. 20, 2018); *see* 28 U.S.C. § 2254(b). To exhaust a claim, a state prisoner must have "fairly presented" his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). This means that

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As discussed, Petitioner neither sought to withdraw his guilty pleas nor pursued a timely certiorari appeal with the Oklahoma Court of Criminal Appeals. Thus, it appears he failed to exhaust his federal claims.

## 4. Opportunity to respond

For the reasons just discussed, the Court finds that the habeas petition is subject to being dismissed either because the petition is time-barred or because Petitioner failed to properly exhaust his federal claims. However, before dismissing the petition, the Court will provide Petitioner the opportunity to file a written response addressing whether he can overcome these procedural defects.

### a. Timeliness

Because the AEDPA's statute of limitations is not jurisdictional, the untimeliness of a habeas petition may be excused for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

### b. Procedural default

Ordinarily to enforce the exhaustion requirement, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)), *cert. denied sub nom. Grant v. Carpenter*, 139 S. Ct. 925 (Jan. 14, 2019). However, "if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds" the federal court may apply an anticipatory procedural bar and deem the unexhausted claims procedurally defaulted for purposes of habeas review. *Id.* at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)).

To overcome a procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The "cause and prejudice" standard "requir[es] proof of both cause *and* prejudice." *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (emphasis in original). To satisfy the cause component, a petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of external factors may include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* Conversely, examples of factors that are not external to the defense may include a petitioner's status as a *pro se* litigant, his ignorance of the substantive or procedural law, or his lack of formal legal training. *Klein*, 45 F.3d at

7

1400. To satisfy the prejudice component, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). For a petitioner who cannot show both "cause and prejudice," the only alternative to overcoming a procedural default is to prove that a "fundamental miscarriage of justice," will occur absent federal court review of the petitioner's habeas claims. *Coleman*, 501 U.S. at 750. To invoke the miscarriage-of-justice exception, a petitioner generally must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

    c.    **Written response brief**

Within 30 days of the entry of this order, Petitioner shall file a written response brief addressing whether he can make the necessary showings to overcome (1) his failure to comply with the AEDPA's one-year statute of limitations and (2) the procedural default of his federal claims.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall update the record to reflect (a) the substitution of Jimmy Martin, in place of the State of Oklahoma, as party respondent and (b) the correct spelling of Petitioner's name as Bryon K. Creech.
2. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **denied**.
3. Within 30 days of the entry of this order, or by **May 8, 2019**, Petitioner shall either pay the $5 filing fee, submit a properly supported motion to proceed *in forma pauperis*, or show cause in writing for his failure to do so.
4. The Clerk of Court shall send to Petitioner a blank motion to proceed *in forma*

*pauperis* (form AO-240) marked "amended" and identified as **Case No. 19-CV-0164-JED-FHM**.

5. Within 30 days of the entry of this order, Petitioner shall file a written response brief addressing whether he can overcome (a) his failure to comply with the AEDPA's one-year statute of limitations, and (b) the procedural default of his federal claims.

ORDERED this 8th day of April, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT